Bissell, J.,
delivered the opinion of the court.
Henry E. Curzons and Fallis H. Smith were copartners as Smith & Curzons, doing a merchandise tailoring business in Denver, in the year of 1891. Charles H. Smith, the father of Fallis, was a man of means, who lived in Ohio. The firm became embarrassed in the fall of the year, and in November made a general assignment for the . benefit of creditors. Charles H. claimed to be a creditor of the firm to the extent of $5,283, of which $3,783 was evidenced by a promissory note bearing date June 6, 1891, and $1,500 was for money loaned in the following September. The schedule attached to the instrument of assignment included the disputed claim *208 of $3,788. In the course of the proceedings taken in the district court under the assignment, the other creditors filed exceptions to Smith’s claim, and contested his right to share in the distribution of the assets. Under the original issue, as tendered by the exceptions, it was conceded that Smith was entitled to be treated as a creditor to the extent of $1,500, which was averred to be included in the note, but the claim for $1,500 loaned in September was disputed. Before the trial, Curzons had removed to California, but was present at the hearing of this controversy, and gave evidence touching these matters. It was established that $1,500 was loaned to the firm in September, and was a valid charge against the firm estate. Counsel thereupon waived their contest respecting this sum, and shifted their contention to the general denial of any indebtedness by the firm to Smith on account of the note. Charles H. Smith was in Denver in June, and the record shows there were some negotiations between the members of the firm and Smith, looking to the advancement of capital for the benefit of the firm, to enable them to pay their bills as they accrued, and to obtain the discounts which were given to cash customers. Smith drew a draft on his home bank in Ohio for $3,783, to the order of his son, Fallis, Who deposited it to his personal credit in the Commercial National Bank of Denver, where he and the firm kept their bank accounts. In the following October the note, which was produced, was signed by Henry E. Curzons and Fallis H. Smith, promising to pay the sum named within six months, with 6 per cent interest. There is considerable controversy between Curzons and the Smiths respecting tire execution of the note. It was made in October, but dated as of June, when the draft was given to Fallis. Curzons insists that nothing whatever had been advanced to the firm, or received by it, out of the proceeds of the draft, when he signed the note, yet he wholly fails to explain the reason and occasion for his signing it. His testimony about the transaction is very indefinite, unsatisfactory, and leaves the matter in very grave doubt. Of course, under the issue, the principal ques *209 tion to be determined was the amount oi money which Smith had loaned the firm, the time at which he advanced it,' and the circumstances under which it was received. Under any construction of the issues, — whether as they stood before the admissions of counsel concerning the September loan, ór as: they were made up by the claim filed, and the statements in the exceptions about it, — the essential facts to be established by the claimant were, did he make a loan to the firm, and what was the amount of it? It is very important to remember this circumstance, because the principal proposition urged upon the appeal is based on the action of the court in its-order opening up the case for certain purposes. Before the hearing was concluded and judgment rendered, counsel for the claimant evidently learned of some correspondence between Curzons and Charles H. about this draft and loan. Finding their proof of the amount advanced somewhat unsatisfactory, they made an endeavor to strengthen their case by • the introduction of further evidence on the subject. In pursuance of this attempt, an application was made to postpone' the trial to procure additional- proof. On the application the court-made an'order permitting them to introduce testimony contradicting sundry statements which Curzons had made about the date and the transaction of the making of the note, but it expressly prohibited the reopening of the main case for general proof on this topic. Acting under this order, a dedimus was sued out to further take the claimant’s ■ testimony. Divers interrogatories were propounded, and when the commission was returned a motion was made to-suppress a part of the deposition because the answers were not responsive to the questions, and because Smith had-attached, in his answer to one interrogatory, the letter which ■ Curzons had written. This motion was sustained in part, and denied-in part, and this is the principal ground on which the reversal is asked.
We are very greatly embarrassed in the disposition of- this-appeal. In the first place we are confronted with the general rule- which makes the conclusions, of trial courts on matters *210 of fact which have been, determined on conflicting testimony-binding on the appellate tribunal. Courts are sometimes astute enough to escape the obligatory force of this .practice, when it is exceedingly clear the lower court has arrived at a. conclusion'which is manifestly against the weight of the general evidence in the case, and has resulted in a manifest failure of justice. To what extent the demonstration must go to -justify a departure we need not determine, although it is very manifest to us that there is an extreme probability of a miscarriage of justice in this case. The trouble is the claimant failed to prove the indispensable fact on which any judgment in his favor must rest. He did not establish the amount of money which he had loaned the firm, nor trace, in a definite and satisfactoiy way, any part’ of the proceeds of his' draft into the hands of the firm of Smith & Curzons. There-is a striking concurrence between the checks which Fallis drew on his personal account and the deposits which were made at the same dates to the credit of Smith & Curzons, and to the amount of the bills which were owed at that time, and liquidated by thése checks. Fallis’ deposition was taken, but there was'no attempt, in any way, either through him, or, through the bank and the checks, to trace the money from the elder.¡Smith’s hands to Fallis, and through him and the, bank account to- the firm. The failure of the claimant in this matter of-proof destroys any possibility to review the case on the matter of the weight of the evidence. In the next place, the court did not err in suppressing certain parts of,Smith’s deposition.. The interrogatories which were addressed to him did not call for many of the responses which he made, and certainly furnished to. those who filed the exceptions no sort of a clue to an intention to produce any letter of Curzons. No opportunity was offered to the other-.side to cross-examine the witness about this letter, and counsel cannot be permitted to complain now of th.e action of the-court, which was entirely regular, and based upon the case as he had made it. These considerations render it unneces-. sary to consider some matters of practice which, have been *211 urged upon our attention, or discuss the basis which must be laid to entitle a party to relief because of surprise, or because of a failure to procure evidence important and material to the issue.
We do not perceive that the appellant has presented or argued any error on which we can reverse the judgment. We are not entirely clear as to the effect of the finding of the court below on any claim which Smith may have against Curzons on the note. We so strongly lean to the opinion that Curzons is probably liable to Smith, to some extertt, ón that paper; and the explanations which Curzons makes about it are so unsatisfactory that we expressly state we do not pass upon the question of Curzons’ liability to Smith on the note. Our refusal may be of no weight, value, or influence in settling the question whether Cursons’ liability is res adjudicata as between the parties, but it is our purposé to leave this question open, in so far as it shall be affected by this affirmance. Discovering no errors in the record, the judgment will be affirmed.

Affirmed.